# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELLY B. COCKERHAM (#344342)** | **CIVIL ACTION** |
| **VERSUS** | |
| **DR. HAL MACMURDO** | **19-13-JWD-SDJ** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 24, 2021.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KELLY B. COCKERHAM (#344342)                                     CIVIL ACTION

VERSUS

                                                                 19-13-JWD-SDJ

DR. HAL MACMURDO

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to Dismiss filed on behalf of Defendant, Dr. Hal MacMurdo (R. Doc. 30). The Motion is not opposed.

The *pro se* Plaintiff, an inmate incarcerated at Dixon Correctional Institute ("DCI"), filed this proceeding against Defendant, complaining that his constitutional rights were violated due to deliberate indifference to his serious medical needs. He seeks monetary and injunctive relief.

Defendant first seeks dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of Plaintiff's § 1983 claims against him in his official capacity. In this regard, Defendant is correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, Plaintiff's § 1983 claims asserted against Defendant in his official capacity for monetary damages are subject to dismissal.

Turning to Plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, Defendant next asserts, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that Plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286

(1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, as amended, Plaintiff alleges the following: Sometime in the 1990s, Plaintiff's leg was broken and was surgically repaired with the placement of three bolts screwed through his leg. Prior to DCI, Plaintiff was housed in 12 other facilities and was under the care of a different doctor at each facility. While housed in these facilities, Plaintiff was given a light duty status, and his pain was treated with Neurontin. The same duty status was assigned to Plaintiff by three doctors at DCI. When Defendant began working at DCI, he performed a "chart check" for Plaintiff on September 21, 2017. Defendant then changed Plaintiff's duty status to regular with no restrictions and changed Plaintiff's medication to Naproxen.

Plaintiff assumed Defendant had made a mistake, so he requested to be seen on September 27, 2017. Without Neurontin, Plaintiff's pain had become intense. Defendant informed Plaintiff that a mistake had not been made. On October 25, 2017, Plaintiff filed a grievance concerning his duty status and medication.

Due to his new duty status, Plaintiff's job was changed to "yard orderly," which required him to cut grass with a push mower and use a weed eater, which caused his pain to worsen. Plaintiff made a sick call and was seen by Defendant. Without examining Plaintiff's leg or Plaintiff's face (where bald spots had appeared), Defendant informed Plaintiff that he would not give Plaintiff a light duty status, a bottom bunk, or renew his medicated soap, shampoo, and lotion. Defendant told Plaintiff that his loss of facial hair was a good thing because he would have less hair to shave.

Plaintiff was seen by Defendant again on August 16, 2018. Without examining Plaintiff's leg or newly developed hernia, Defendant told Plaintiff that none of his medical issues

were "life or death" and that he would not be changing Plaintiff's duty status. Defendant told Plaintiff that as a professional medical doctor he has placed bolts into bones so that people are able to go back to work, but that he would order an x-ray to make Plaintiff feel better. Defendant also told Plaintiff that he was too young to be suffering from arthritis in his previously injured leg.

Defendant asserts that he is entitled to qualified immunity in connection with Plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that Defendant's motion should be denied. Plaintiff's allegations, accepted as true, state a claim for deliberate indifference to his serious medical needs against Defendant in his individual capacity.

In order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must allege that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985).

Whether Plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble*, *supra*. Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994). As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendant "refused to treat her, ignored her complaints, intentionally treated her incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle v. Gamble*, *supra*. Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993).

In the instant matter, Plaintiff alleges that Defendant changed his long-standing duty status and medications without examining Plaintiff, and still failed to examine Plaintiff when he notified Defendant of his resulting increased pain and new medical problems. Plaintiff's allegations that Defendant acted without objective findings show a wanton disregard for Plaintiff's medical needs. Accepting these allegations as true, Plaintiff has stated a claim against defendant Defendant for deliberate indifference to his serious medical needs.

**RECOMMENDATION**

It is the recommendation of the Magistrate Judge that Defendant's Motion to Dismiss (R. Doc. 30) be granted, in part, and Plaintiff's claims asserted against Defendant in his official capacity for monetary damages be dismissed, with prejudice. It is further recommended that in all other regards the Motion be denied and that this matter be referred back to the Magistrate Judge for further proceedings herein.

Signed in Baton Rouge, Louisiana, on March 24, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**